UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ET AL. | CIVIL ACTION |
| VERSUS | NO. 12-175 |
| MICHAEL KENT PLAMBECK, D.C., ET AL. | SECTION "R" (3) |

ORDER

On April 25, 2012, the Re-Urged Motion to Compel Alisha Thibodaux to Give Complete Discovery Responses at Deposition [Doc. #14] came on for oral hearing before the undersigned. Present were David Kassabian and James Donovan on behalf of plaintiffs, Lance Arnold on behalf of defendants ("the Chriopractic Defendants") and Maria Chaisson on behalf of movant Alisha Thibodaux. After the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the opposition, the case law and the parties' arguments, the Court rules as follows.

I.      Background

Plaintiffs filed suit against defendants in the Northern District of Texas, alleging claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO"). The magistrate judge, Judge Kaplan, issued an order to allow the parties to depose fact witnesses outside the subpoena power of the court. Plaintiffs noticed the deposition of Alisha Thibodaux, a resident of the Eastern District of Louisiana. Thibodaux is a former employee of one of the Chiropractic Defendants. After she left the employ of the Chiropractic Strategies Group, Inc. ("CSG"), Thibodaux contacted counsel

for plaintiff Allstate Insurance Company ("Allstate") and provided them with an affidavit that allegedly details the facts underlying the conspiracy for which Allstate sues. Allstate provided the affidavit to the Chiropractic Defendants on May 19, 2009. The next day, the Chiropractic Defendants made a complaint to the Kenner Police Department, alleging that Thibodaux stole money from CSG. Thibodaux is now under indictment for embezzling funds from CSG, her former employer.

Plaintiffs noticed Thibodaux's deposition for August 5, 2011. After plaintiffs' counsel finished their examination, the Chiropractic Defendants' counsel began their cross-examination. The Chiropractic Defendants allege that even though their questions mirrored those of counsel for plaintiffs, Thibodaux began to assert her privilege under the Fifth Amendment against self-incrimination. The Chiropractic Defendants contend that approximately 40 per cent of their allotted time was wasted by objections by plaintiffs' counsel or Thibodaux's counsel or her invocation of the privilege. After an hour-and-a-half, counsel for both Thibodaux and plaintiffs terminated the deposition, even though Judge Kaplan had ordered that the one-and-a-half hour limitation was not set in stone.

On January 20, 2012, the Chiropractic Defendants filed their first motion to compel. The Chiropractic Defendants asked the Court (1) to order the reconvening of Thibodaux's deposition; (2) to order Thibodaux to respond fully to all questions; and (3) to grant an additional hour (on top of the original hour-and-a-half) to complete the deposition. After oral hearing on the motion, the Court took it under advisement. On February 27, 2012, the Court granted the motion in part, ultimately concluding that (1) the deposition of Thibodaux would occur on a mutually-agreeable date in April 2012 after her criminal trial; (2) Thibodaux would sit for a second deposition lasting

no longer than one hour; and (3) counsel for the Chiropractic Defendants would be allowed to question her as to (a) her statements in the three affidavits attached to their reply memorandum; and (b) any assistance provided to her by Allstate during the criminal proceedings against her.  The Court precluded questions on any other topic.  [Doc. #13].  The order also reserved the right to the Chiropractic Defendants to re-urge their motion should any continuance of the criminal trial occur.

## II.    The Parties' Arguments

### A.    The Chiropractic Defendants

When the Court ruled earlier, Thibodaux's trial was set on March 26, 2012, which would have allowed time to depose Thibodaux before the federal Texas trial.  The state court has now continued Thibodaux's trial to June 11, 2012, which, the Chiropractic Defendants argue, will not allow sufficient time to depose Thibodaux before the June 20, 2012 pre-trial conference and the July 2, 2012 Texas trial.  The Chiropractic Defendants thus re-urge their earlier motion to compel in which they advanced the following arguments:

The Chiropractic Defendants first argue that Thibodaux has waived her privilege under the Fifth Amendment.  Citing the case law on waiver, the Chiropractic Defendants argue that a witness who fails to invoke the privilege against questions as to which she could have claimed it is deemed to have waived the privilege respecting all questions on the same subject matter.  The Chiropractic Defendants contend disclosure of a fact waives the privilege as to detail.

The Chiropractic Defendants note that the Jefferson Parish District Attorney is currently prosecuting Thibodaux for embezzlement.  The Chiropractic Defendants assume that Thibodaux

asserted the privilege because it may incriminate her in the crime of embezzlement.[1] The Chiropractic Defendants note that waiver may be inferred if (1) the witness's past statements create a significant likelihood that the fact-finder will have to rely on a distorted view of the truth, and (2) the witness had reason to believe that her past statements would be seen as a waiver.

With regard to the first factor, the Chiropractic Defendants contend that permitting Thibodaux's testimony to remain incomplete will result in testimony that misleads the jury at trial. They argue that permitting Thibodaux to choose her own stopping place with regard to her testimony and to respond to only those inquiries to which she wishes to respond prohibits the Chiropractic Defendants from testing the veracity of her statements.

With regard to the second factor, the Chiropractic Defendants argue that the requirement is satisfied because Thibodaux's earlier responses were testimonial in the context of a deposition and potentially incriminating because Thibodaux asserted her privilege. They contend that because Thibodaux's counsel instructed her not to answer, it must necessarily be presumed that the earlier responses during her direct examination were incriminating because they addressed the same topics and issues as those at issue during her cross-examination.

In the alternative, the Chiropractic Defendants argue that if the responses to their questions are not incriminating, then Thibodaux's assertion of the privilege is, as a matter of fact, improper.

The Chiropractic Defendants also contend that Thibodaux's deposition must be reconvened because they were not afforded the one-and-a-half hours allowed by Judge Kaplan. Citing Federal Rule of Civil Procedure 30(d), they assert that a court must allow additional time if the deponent or

---

[1] The Chiropractic Defendants cite, in paragraph 18 of their memorandum in support, to numerous portions of Thibodaux's testimony during which she asserted the privilege and refused to answer their questions. The Court will refer to this list as the "comparative questions."

another person impedes or delays the deposition. While they note that Judge Kaplan reduced the seven-hour limit in Rule 30 to three hours to be shared evenly, they argue that Rule 30(d) still applies. Citing the deposition transcript, the Chiropractic Defendants note that 40 per cent of the deposition time was wasted by long-winded objections by counsel and Thibodaux's refusal to respond to the questions. They seek an additional hour to depose Thibodaux, not including objections.

Lastly, the Chiropractic Defendants seek their expenses incurred for having had to file the motion.

**B.     Allstate**

Allstate first notes that the criminal action against Thibodaux did not proceed to trial on March 26, 2012 because Michael Plambeck – defendant here – could not be found and served with a trial subpoena. The state court has noted that Plambeck is a material witness in the underlying criminal lawsuit. Plambeck's failure to appear necessitated the filing of a joint motion for continuance, which was ultimately granted.

Three days before trial, Thibodaux moved to quash the bill of information. Relevant here, District Attorney Paul Connick, Jr. confirmed to counsel for Thibodaux that Plambeck and another material witness, Buffie Rome, were under no obligation to attend the trial because mileage and out-of-state witness fees had not been paid pursuant to statute. The state court denied the motion to quash, but, after realizing that Thibodaux's trial and the absence of Plambeck and Rome might raise constitutional issues under the Confrontation Clause, granted the motion for continuance.

Allstate argues that there is sufficient time to depose Thibodaux after her June 11, 2012 trial. This Court has limited the deposition to one hour and has also limited the topics. The Northern

District of Texas has ordered that the deposition occur by telephone. Allstate argues that this is sufficient time within which to depose Thibodaux. (Witness lists, exhibit lists, and depositions are due on June 18, 2012.) Allstate asks the Court to deny the re-urged motion to compel because the Chiropractic Defendants are in a situation of their own making.

Allstate also re-asserts all of the arguments that it raised in its earlier opposition, which are as follows: Allstate contends that Kenneth Stein, counsel for the Chiropractic Defendants, frightened and harassed Thibodaux at her telephonic deposition on August 5, 2011 by asking her whether she had had an abortion in April 2009, whether she knew the consequences of perjury and whether she knew whether her deposition testimony would harm her in the criminal prosecution. Stein allegedly accused Thibodaux of perjury and income tax evasion. Allstate cites a litany of allegedly inappropriate questions that Stein asked Thibodaux. After the deposition, the Chiropractic Defendants filed a motion to strike her as a witness, arguing that she had improperly asserted her privilege under the Fifth Amendment.

At the evidentiary hearing on the motion before Judge Kaplan, Stein admitted that one of the reasons for the deposition of Thibodaux was to question her with regard to the criminal allegations. After an evidentiary hearing, Judge Kaplan denied the motion, finding it appalling that Stein had asked Thibodaux about the alleged abortion. He concluded that Stein's questions were "manifestly improper" and amounted to "nothing more than harassment." He ordered that should this Court grant an additional deposition of Thibodaux, Stein can not participate. Judge Kaplan then granted the Chiropractic Defendants leave to file the motion here. Allstate further notes that Judge Kaplan informed the Chiropractic Defendants that they may want to let the criminal action run its course because its resolution may obviate any Fifth Amendment issue.

Allstate contends that the Chiropractic Defendants fail to identify one specific question that Thibodaux failed to answer. It notes that Thibodaux even answered the first question (concerning when she left her employ with CSG) in the Chiropractic Defendants long list of comparative questions that Thibodaux allegedly failed to answer.

Allstate contends that Thibodaux did not waive her privilege. Citing the comparative questions, Allstate notes that the Chiropractic Defendants allege that Thibodaux testified about Angel Junio, an alleged co-conspirator, on direct but refused to do so on cross. Allstate then notes that Thibodaux only mentioned Junio three times in a list of people and never elaborated on him. Citing a ten-page block of Thibodaux's deposition, Allstate contends that Stein's question had no relationship to the limited testimony that Thibodaux gave on Junio in direct.

Allstate argues that Thibodaux did not improperly refuse to answer any question and notes that the Chiropractic Defendants fail to point to any specific question that she refused to answer. Pointing to specific questions, Allstate contends that the questions are incriminatory on their face. Allstate argues that Thibodaux did not assert the privilege in a blanket fashion and even answered numerous questions posed by counsel for the Chiropractic Defendants.

While Allstate notes that the Chiropractic Defendants ask the Court to reconvene Thibodaux's deposition because they did not have enough time to questions her, Allstate contends that that was a situation of their own making because of counsel's inappropriate questions. Allstate notes that it completed its examination of Thibodaux in one hour.

Lastly, Allstate asks the Court to deny the Chiropractic Defendants' request for costs.

**C.     Thibodaux**

Thibodaux adopts all of the arguments made by Allstate. She attaches to her opposition the Bill of Information against her that charges her with criminal conspiracy. If ordered to testify again, Thibodaux asks the Court that she not be compelled to do so until after the criminal proceedings against her have concluded.

### D.     The Chiropractic Defendants' Reply

In their earlier reply, the Chiropractic Defendants point to testimony during Thibodaux's deposition during which she refused to answer on what day of the week she left her employment at CSG on Fifth Amendment grounds. The Chiropractic Defendants question how Thibodaux's final date of employment could implicate the Fifth Amendment. The Chiropractic Defendants note that there are numerous inconsistencies in the record as to her final date of employment and whether she resigned or was discharged.

Citing specific testimony, the Chiropractic Defendants also note that Thibodaux refused to answer questions concerning Junio even though she testified about him and his allegations that they embezzled money from CSG together during her unemployment hearing. The Chiropractic Defendants attach to their reply three affidavits executed by Thibodaux and argue that they are entitled to explore the facts behind her statements and repudiations in the affidavits.

The Chiropractic Defendants also contend that their attempts to explore any arrangement between Allstate and Thibodaux as to assistance during her criminal proceedings were stifled. They argue that any arrangement between and/or assistance to Thibodaux by Allstate is discoverable to demonstrate bias and/or the credibility of Thibodaux's testimony.

The Chiropractic Defendants argue that they are entitled to explore Thibodaux's knowledge as to each individual and fact that she identifies in her affidavits.

### III.     Law and Analysis

The Fifth Amendment protects a person asserting the privilege from testimony that is compelled. *United States v. Doe (Doe I)*, 465 U.S. 605, 610 (1984) (citing *Fisher v. United States*, 425 U.S. 391 (1976)). The privilege allows a witness to refuse to answer questions that would tend to incriminate her and may be asserted in a civil proceeding. *See Kastigar v. United States*, 406 U.S. 441, 444 (1972)*; Hoffman v. United States*, 341 U.S. 479, 486 (1951). The Fifth Amendment privilege may be invoked as long as there is a reasonable possibility that prosecution may exist for a crime suggested by an individual's response. *Hoffman*, 341 U.S. at 486. Further, the criminal charges do not have to actually be pending, but a party may invoke the privilege if she has reasonable grounds to believe that her response "would support a conviction or furnish a link in the chain of [circumstantial] evidence needed to prosecute the claimant for a crime." *Id.*; *see Zicarelli v. N. J. State Comm'n of Investigation*, 406 U.S. 472, 478 (1972); *Marchetti v. United States*, 390 U.S. 39, 53 (1968).

Waiver of the privilege against self-incrimination may not be easily found.[2] One instance of waiver is when a witness answers a question without asserting the privilege. The privilege is waived as to that particular question. *Morris Kirschman & Co., L.L.C. v. Hartford Fire Ins. Co.*,

---

[2]     The term "waiver" is commonly used in relation to the loss of one's Fifth Amendment rights, but the Supreme Court has abandoned this term. In *Minnesota v. Murphy*, the Supreme Court stated that "[w]itnesses who failed to claim the privilege were once said to have 'waived' it, but we have recently abandoned the 'vague term,' *Green v. United States*, 355 U.S. 184, 191 (1957), and 'made clear that an individual may lose the benefit of the privilege without making a knowing and intelligent waiver.' *Garner v. United States*, [424 U.S. 648] ... at 654, n. 9, 47 L.Ed.2d 370, 96 S.Ct. 1178 [1182, n. 9]." *Minnesota v. Murphy*, 465 U.S. 420, 427 (1984). The term "waiver" is still used in common parlance and will be used herein for its shorthand value but with the clarification previously stated in mind.

Civ. A. No. 03-1743, 2004 WL 1373277, *3 (E.D. La. June 16, 2004). Further, waiver may be inferred from the witnesses' voluntary course of conduct, such as producing some documents or giving some testimony regarding a matter. *United States v. Monia*, 317 U.S. 424, 427 (1943); *United States v. Pile*, 256 F.2d 954, 956–957 (7th Cir. 1958). As a constitutional right, waiver of the privilege must be knowingly and voluntarily made, *Gardener v. Broderick*, 392 U.S. 273, 276 (1968), and waiver will only be inferred in the most convincing and compelling circumstances. *Klein v. Harris*, 667 F.2d 274, 288 (2d Cir. 1981).

In *Rogers v. United States*, the Supreme Court articulated two policy considerations to determine whether a waiver has occurred. 340 U.S. 367 (1951). First, if upholding a claim of privilege could result in the distortion of facts by permitting the witness to select when she wants to stop her testimony, the scale weighs against finding privilege. Second, because the privilege exists for and presupposes a real danger of legal detriment arising from further disclosure, it would be artificial to allow a witness to disclose primary incriminating facts but assert the privilege as to the supporting details. *Id.* at 374.

Further, the Fifth Circuit has found that when a witness has testified to a collateral issue, she does not waive the privilege as to the merits of her case. *Calloway v. Wainwright*, 409 F.2d 59, 66 (5th Cir. 1969) (finding that after witness took the stand for the sole purpose of testifying about the voluntariness of his earlier confession, it was not a voluntary waiver of his privilege against self-incrimination). It should further be noted that waiver of the privilege in one proceeding does not affect the right to assert the waiver on the same subject in another independent proceeding. *See United States v. James*, 609 F.2d 36, 45 (2d Cir. 1979); *United States v. Wilcox*, 450 F.2d 1131 (5th Cir.1971).

Testimonial waiver can be inferred if (1) the witnesses' past statements create a significant likelihood that the fact finder will have to rely on a distorted view of the truth, and (2) the witness had reason to believe that her past statements would be seen as a waiver. *Klein*, 667 F.2d at 287. The second prong of the *Klein* test – that the defendant was on notice that her statements would amount to a waiver of the privilege – has two parts. The statements must be both (1) "testimonial," meaning voluntarily made under oath in the same judicial proceeding and (2) "incriminating," meaning that they do not merely deal with matters collateral to the events surrounding commission of the crime but instead they directly inculpate the witness on the charges at issue. *Klein*, 667 F.2d at 288; *see United States v. O'Henry's Filmworks, Inc.*, 598 F.2d 313, 318–19 (2d Cir. 1979); *United States v. Housand*, 550 F.2d 818, 821 (2d Cir. 1977).

The Bill of Information attached to Thibodaux's opposition reveals that the District Attorney for the Parish of Jefferson, State of Louisiana, has charged Thibodaux with conspiracy to misappropriate and steal money in violation of Louisiana Revised Statute § 14:26 and theft in violation of Section 14:67. Accordingly, there is no question that Thibodaux, as the target of a bill of information, may assert her privilege against self-incrimination under the Fifth Amendment when appropriate.

The Chiropractic Defendants appear to narrow their arguments in their reply memorandum to whether Thibodaux waived her privilege under the Fifth Amendment with regard to (1) her testimony at the unemployment hearing; (2) the statements in her affidavits; and (3) any arrangement between Allstate and Thibodaux under which Allstate is providing her assistance during her criminal proceedings.

With regard to Thibodaux's testimony at the unemployment hearing, it is well-settled law

11

that waiver of the privilege in one proceeding does not affect the right to assert the waiver on the same subject in another independent proceeding. *James*, 609 F.2d at 45. Accordingly, Thibodaux did not waive her right to assert her privilege under the Fifth Amendment in this proceeding by testifying at her unemployment hearing. This argument is meritless.

With regard to the affidavits, the Court finds that Thibodaux has not waived her privilege because the statements in the affidavits are not incriminating and thus fail to satisfy the second prong of the *Klein* test. The affidavits labeled as Exhibits C and D reflect statements by Thibodaux that concern the conspiracy alleged by Allstate in its complaint and the termination of an employee named Scott Bertus. None of these statements implicates any of the acts alleged in the bill of information. Neither can the affidavit labeled as Exhibit E be deemed incriminatory. In that affidavit, Thibodaux outlines how she learned that she had been charged with conspiracy and theft and the substance of conversations with Junio, in which he informed her that Dr. Michael Plambeck would drop the charges against her if she recanted the statements in her earlier affidavits. The Court can not find that the statements in either Exhibits, C, D or E are incriminatory. Because they are not, no waiver has occurred.

Neither can the Court conclude – on the record before it – that any questions surrounding any alleged agreement between Allstate and Thibodaux that provides Thibodaux with assistance by Allstate during her criminal proceeding would implicate the privilege or would be incriminatory. Neither Allstate nor Thibodaux has cited the Court to any case law – and this Court has found none – to support such an argument. The Court can not fathom how information surrounding any assistance by Allstate would incriminate her of the acts alleged in the bill of information.

But this only begs the question: Because the Court has found the statements in the affidavit

12

and questions surrounding any assistance to Thibodaux by Allstate are non-incriminatory and no waiver occurred, did Thibodaux properly invoke the privilege with regard to questions that addressed such issues? The Court thinks not. From the Court's review of the record, it can not find that Thibodaux's responses to specific and narrowly-tailored questions concerning the statements in her affidavit or any assistance by Allstate "would support a conviction or furnish a link in the chain of [circumstantial] evidence needed to prosecute [her] for a crime." *Hoffman*, 341 U.S. at 486.

Neither can the Court find that postponing the deposition of Thibodaux until after her trial – presently scheduled on June 11, 2012 – will allow the parties sufficient time within which to prepare for the pre-trail conference, currently set nine days after Thibodaux's criminal trial, or the July 2, 2012 trial. The state court has continued her criminal trial once already, and the possibility of another continuance always exists.

**IV.   Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that the Re-Urged Motion to Compel Alisha Thibodaux to Give Complete Discovery Responses at Deposition [Doc. #14] is GRANTED IN PART, to the extent that Alisha Thibodaux shall sit for a second deposition lasting **no longer than one (1) hour** and during which counsel for the Chiropractic Defendants shall be allowed to *narrowly* question her as to (1) her statements in the three affidavits attached to their reply memorandum; and (2) any assistance provided to her by Allstate during the criminal proceedings against her. All other topics – and especially any topic related to the acts alleged in the bill of information – are specifically precluded. The deposition shall occur **no later than fourteen (14) days from the date of this Order**.

The Court recognizes that there will exist a fine line as to what questions the Chiropractic

13

Defendants will be able to pose to Thibodaux, but the Court makes special mention that it will not tolerate a repeat of Thibodaux's earlier deposition.  Neither does this Order hold that Thibodaux – or her counsel – has no right to assert her Fifth Amendment privilege at the second deposition after careful deliberation of the answer that may be required of her.  Should any dispute arise as to the proper invocation of the privilege, the parties shall steer clear of such questions and brief each specific disputed question to the Court on proper motion.

    New Orleans, Louisiana, this 4th day of May, 2012.

                            **DANIEL E. KNOWLES, III**
                            **UNITED STATES MAGISTRATE JUDGE**