```
1                IN THE UNITED STATES DISTRICT COURT FOR

2                   THE EASTERN DISTRICT OF LOUISIANA

3                            AT NEW ORLEANS

4


5   ALLSTATE INSURANCE COMPANY, et al.,   )
                                          )
6              Plaintiff,                 )
                                          )
7         v.                              ) Case No. 12-MC-175
                                          ) April 25, 2012
8   MICHAEL KENT PLAMBECK, et al.,        ) Motion Hearing
                                          )
9              Defendant.                 )
    _____)
10

11

12

13                      TRANSCRIPT OF PROCEEDINGS

14            BEFORE MAGISTRATE DANIEL E. KNOWLES, III

15

16

17

18

19

20  SUSAN A. ZIELIE, RPR, FCRR
    Official Court Reporter
21  HB 406
    500 Poydras Street
22  New Orleans, Louisiana 70130
    susan_zielie@laed.uscourts.gov
23  504.589.7781

24


25  Proceedings Recorded by Computer-aided Stenography.
```

```
 1   APPEARANCES:

 2

 3   For the Plaintiff:       DAVID KASSIBIAN, AUSA
                              Kassabian Doyle & Weatherford, PC
 4                            2261 Brookhollow Plaza Drive
                              Suite 300
 5                            Arlington TX 76006
                              817.460.5099
 6
                              P.M. DONOVAN, ESQ.
 7                            Donovan & Lawler
                              4640 Rye Street
 8                            Metairie LA 70006
                              504.454.6808
 9                            pdonovan@donovanlawler.com

10   For the Defendant:       LANCE J. ARNOLD, ESQ.
                              Baldwin Haspel Burke & Mayer, LLC
11                            Energy Center
                              1100 Poydras Street
12                            Suite 3600
                              New Orleans LA 70163-2200
13                            504.585.7711
                              arnold@bhbmlaw.com
14
     For the Movant:          MARIA M. CHAISSON, ESQ.
15                            Chaisson & Chaisson
                              13726 River Road
16                            PO Box 1255
                              Destrehan LA 70047
17                            985.764.9911
                              lauren@destrehanlaw.com
18

19

20

21

22

23

24

25
```

```
 1              NEW ORLEANS, LOUISIANA; WEDNESDAY, APRIL 25, 2012
 2                            11:00 A.M.
 3         THE CLERK:  12-175.
 4         MR. DONOVAN:  James Donovan on behalf of Allstate.
 5         MR. KASSABIAN:  David Kassabian on behalf of Allstate
 6   Insurance Company.
 7         MR. ARNOLD:  Lance Arnold on behalf of contacting
 8   defendants.
 9         MS. CHAISSON:  Maria Chaisson on behalf of Alisha
10   Thibodaux.
11         THE COURT:  Where have I seen you folks before?
12             Amazingly enough, the trial got continued.  I
13   think we discussed that last time; didn't we?
14         MR. ARNOLD:  Yes, we did.
15         THE COURT:  All right. Re-urge the motion.  Let's
16   begin.  Mr. Arnold.
17         MR. ARNOLD:  We're here today in accordance with the
18   Court's prior order, re-urging our motion to fashion a remedy to
19   compel deposition testimony.  We've already argued the basis for
20   that relief, as well as the arguments concerning Fifth Amendment
21   and waiver, which I will not rehash.
22             The opposition that was filed to the re-urged
23   motion is really not a legal one; it's an equitable one.  And
24   this is not about a court of equity; it's a court of law.
25             The conclusions drawn in that memo really do not
```

1  follow the attachments to the memo and particularly the actual
2  attachments to Ms. Chaisson's affidavit.  If you read the
3  attachments, you'll see that the memo and the arguments and the
4  conclusions are rather skewed.
5              The argument as to really equitable, we can't get
6  Dr. Plambeck in therefore we should not be allowed to proceed,
7  is really not one that's well-founded.  He was not the victim; a
8  corporate entity was.  And no court has ordered him to appear.
9              Likewise, the other witness that's mentioned, Ms.
10 Rome, no court has ordered her to appear.  In fact, I understand
11 the Kentucky court where a motion is pending denied that relief.
12             What we need to do is fashion a remedy so we don't
13 have to come back here today, whatever that may be.  It may be
14 that you order the deposition the day after trial, whether it
15 goes forward or not; and, if the trial doesn't go forward, some
16 form of relief to address the Fifth Amendment concerns.
17             And that's really all I have this morning, Your
18 Honor.
19        THE COURT:  Thank you, Mr. Arnold.
20        MR. KASSABIAN:  Your Honor, may I speak on behalf of
21 Allstate?
22             And we have gone through and we appreciated the
23 effort the Court put in the order the last time as to the scope
24 of the deposition.  I don't think anybody objects to that.
25 There was no objection.

1                    But this whole thing about it being an equitable
2    argument as opposed to a legal argument, what we have is the
3    person that instigated the criminal prosecution -- and I'm going
4    to defer most of this to Ms. Chaisson since she knows -- but
5    there is an order from the Court saying that Dr. Plambeck is a
6    necessary and material witness.  So he is the sole owner of this
7    business, he instigated the criminal prosecution, he knows -- he
8    obviously knows he's a material witness as per the order of this
9    Court.  And the fact that he's dodging -- and I'll leave this to
10   Ms. Chaisson -- that the service on this, he's kind of wanting
11   his cake and eat it too.
12                   His counsel has already -- and we established this
13   in Texas -- admitted one of things they wanted to do with this
14   witness is to use it for the benefit to get information about
15   the criminal case.  So there are legitimate, I think by
16   admission, Fifth Amendment concerns there.
17                   So I just think that it's just odd that you have
18   someone instigating a prosecution, not being willing to appear,
19   even though they're identified in the order as being a necessary
20   witness, and then coming back to this Court sort of collaterally
21   saying I want this lady's deposition.
22             THE COURT:  It's not the only thing odd about this
23   case, I can assure you.
24             MR. KASSABIAN:  I appreciate that, Your Honor.  I think
25   I've lived with it longer, and it's becomes very commonplace for

1  me.
2          With that said, I don't think anything's changed
3  since the last time we've been here about the concerns that were
4  fashioned in the Court's order.
5          I like the idea of her giving the deposition after
6  the trial, assuming that it's not continued because Plambeck
7  doesn't show up.  He's got five weeks' notice.  His attorney is
8  here, he's got copies of the order.  He's instigated this thing.
9  If he shows up.
10         And, if the case gets continued for some other
11 reason -- and I may differ with counsel for the witness there
12  -- you know, I've got a different issue if all the sudden they
13 want to try to continue the case maybe in fact that deposition
14 should go forward.
15         My only difference with Mr. Arnold, say, if his
16 client is the reason that this case doesn't go forward, then
17 they should not be able to get the deposition that way.
18         THE COURT:  All right.  Thank you.
19         Ms. Chaisson.
20         MS. CHAISSON:  Hello, Your Honor.
21         My position has not changed since last time.  I
22 believe that, if a forced to trial takes place prior to the
23 criminal trial, that that would violate my client's Fifth
24 Amendment rights.
25         And I believe that there is still time for this

1  deposition to take place after the criminal trial.  As you know,
2  it's scheduled for the week of June 11th.  My understanding is
3  that the civil trial, the RICO speedy trial, is not scheduled
4  until some time in July.  This should be a quick deposition once
5  it takes place.  There is still time to take place what you put
6  forth in your original order.
7              And I would finally say that there's no doubt in
8  my mind as the criminal defense attorney for Alicia Thibodaux
9  for the past three years that the reason that we did not go
10 forward with trial last time is because Mr. Plambeck will not
11 voluntarily appear, he will not make himself available to be
12 served, either in Louisiana or in Florida or anywhere that we
13 know of.  I can't even begin to tell you the amount of attempts
14 that I have made.  Through state law, I have tried to serve him
15 by certified mail at his home in Kenner.  Returned to sender is
16 what is marked on it.  I have tried to personally serve him in
17 his corporate office in Kenner.  Deputy always says he is never
18 there.  That's what they say.  I had previously gotten him
19 served through what turned out to be the receptionist.  I mean,
20 he's been well aware of all of these trial dates, but he will
21 not voluntarily appear.  And, amazingly, he's always out of town
22 when they try to serve him in Florida.
23           THE COURT:  And we have no reason to believe that's
24 going to change; do we?
25           MS. CHAISSON:  No.  But apparently the Court and

1  prosecutor in Jefferson Parish wanted me to try again for some
2  reason.  And so I am doing that.
3              THE COURT:  I understand.  We're all in tough spots in
4  this case.
5              MS. CHAISSON:  And I'm happy to answer any other
6  questions you may have about the criminal case.
7              THE COURT:  I think I have it.  Thank you.
8                 Mr. Arnold, do you want to briefly rebut, or have
9  you said everything you want to say?
10             MR. ARNOLD:  Just very briefly.  It's really what this
11 Court is aware of.
12                The fact is Ms. Thibodaux chose to give three
13 affidavits.  Okay?  Because she chose voluntarily to give those
14 affidavits, we should be able to probe what is behind them.
15 Because she has accepted help from Allstate's counsel, we should
16 be able to probe what's behind it.  Again, those are her
17 voluntarily actions.
18                And finally, again, Dr. Plambeck is under no
19 obligation to appear voluntarily or under court order at any
20 criminal proceeding in the 24th.
21                The reason why I believe attempts to serve him in
22 Kenner at his residence have failed is because that has burned,
23 and he spends most of his time in Florida.
24             THE COURT:  Thank you, sir.
25                Folks, I'm still on the fence on this one.  I was

1  discussing it with my clerk this morning and going over it in my
2  mind.  I'm going to take it under advisement.  I'll issue an
3  order.
4              If this deposition goes forward, though, folks,
5  I've got to tell you, as I think you garnered from my last
6  order, it's going to be a really short leash here.  By the way,
7  I don't intend to be getting a phone call every third question,
8  so I'm going to make it as clear as possible in my order as to
9  how this thing, I guess, is going to work.
10             MR. BROUSSARD:  May I address on thing?  Per the order
11 of the Court -- and this was actually at the request of the
12 defendants -- but, due to expense, the Court did order that
13 these depositions of any out-of-state witnesses be taken by
14 telephone video.  So we were -- I don't think there's anything
15 that changes that Court's direction.  So that makes it even
16 easier as far as the timing.
17             THE COURT:  It does.  We agree with that.
18             All right, folks, thank you.  We'll have something
19 out shortly.
20             (11:14, proceedings concluded.)

CERTIFICATE

   I, Susan A. Zielie, Official Court Reporter, do hereby certify that the foregoing transcript is correct.


                            /S/ SUSAN A. ZIELIE, FCRR
                            _____
                              Susan A. Zielie, FCRR